**Attorney Debt Reset, Inc.**
Jeremy G. Winter, SBN 245631
Robert S. Gimblin, SBN 272044
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorneys for Debtors/Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| ANDREA RENEE ADAMS, | **COMPLAINT** |
| Plaintiff(s), | **JURY TRIAL DEMANDED** |
| v. | |
| UNIVERSAL RECOVERY CORPORATION, | |
| Defendant(s). | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

-1-

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff ANDREA RENEE ADAMS (hereinafter "Plaintiff") is a natural person who resides in the City of SACRAMENTO, County of Sacramento, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Plaintiff is informed and believes, and thereon alleges that Defendant UNIVERSAL RECOVERY CORPORATION (hereinafter "Defendant"), is a corporation with a principal business address of 2880 SUNRISE BLVD, #138, RANCHO CORDOVA, CA 95742 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8. This case involves money property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

9. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## FACTUAL ALLEGATIONS

10. Sometime before 2010, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, a medical bill, said debt was later assigned/sold/consigned to Defendant for collection.

11. Defendant began its collection activity upon Plaintiff on or about August of 2010.

12. On or about April 27, 2011 Defendant made a dunning call from blocked phone number to Plaintiff's cell phone (916) 956-0081. An unidentified agent of Defendant named 'LISA' at extension 340 verified Plaintiff's identification by asking to confirm that she was ANDREA ADAMS, and 'LISA' stated that she was calling on a 'collections case' concerning a medical bill. 'LISA' asked Plaintiff how she planned on paying the debt, and Plaintiff responded by informing 'LISA' that she was unable to pay the debt at that time. 'LISA' then provided Plaintiff with a contact number of (916) 631-8191, a number used by Defendant in its regular business and collections.

13. Plaintiff informed 'LISA' that she was considering consulting with an attorney about bankruptcy and Plaintiff again informed 'LISA' that she was not able to make a payment. 'LISA' then became aggressive and threatening and said to Plaintiff that Defendant was going to garnish Plaintiff's wages in 14 days if she didn't pay the debt or retain an attorney. Plaintiff responded by asking 'LISA' if she was threatening her, to which 'LISA' responded that she was 'just telling her what will happen.' Plaintiff then asked 'LISA' to update her address to which 'LISA' asked "what's the point?" and then hung up on Plaintiff, effectively terminating the call.

14. Plaintiff immediately called back and was transferred to the same 'LISA', and asked if she could have a statement sent to her new address showing the she actually owed the debt and reflecting what the balance was. 'LISA' agreed to take Plaintiff's new address but as of the date of this filing, Plaintiff has yet to receive a

statement from Defendant evidencing the Debt Defendant was attempting to collect on this occasion.

15. Further, 'LISA' falsely threatened Plaintiff that if Plaintiff had not retained an attorney within 14 days, the balance of this underlying debt could not be discharged in bankruptcy because by then, Defendant would have a judgment against Plaintiff.

16. The above described acts of the Defendant amount to improper threats to take actions which cannot be legally taken and is a false, deceptive , or misleading representation or means in connection with the collection of a debt, namely Defendant's claim that it would garnish Plaintiff's wages and have a judgment not dischargeable in bankruptcy within 14 days. At the time of the communication referenced above, Defendant had neither the intent nor the ability to garnish Plaintiff's wages. Further, Defendant had no way of procuring a judgment within said time, and Defendant is also unable to rewrite the Bankruptcy code to hold its debt non-dischargeable. Said acts amounts to violations of the Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. § 1692(e).

17. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

18. In addition, the above described acts of Defendant amount to conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, namely using false threats to garnish wages and fabricating deadlines for garnishment which do not exist  as well as being overly rude,

-5-

aggressive and abruptly terminating its call with Plaintiff. Said conduct amounts to a violation of the Fair Debt Collection Practices Act including but not limited to 15 U.S.C. § 1692(d).

19. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

20. Defendant's above-referenced acts have caused Plaintiff anxiety, stress, worry and embarrassment.

## CAUSES OF ACTION

### COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

1) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2) The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

3) As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

### California Civil Code §§ 1788-1788.32

4) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5) The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

6) As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages of *not less than $12,000.00*, exclusive of fees and costs, as follows:

### COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).
- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
- Such other and further relief as may be deemed just and proper.

### COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

**California Civil Code §§ 1788-1788.32**

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

**TRIAL BY JURY**

- Pursuant to the seventh amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,
Date: May 26, 2011    **ATTORNEY DEBT RESET, INC.**

/s/ Robert S. Gimblin
Robert S. Gimblin, Esq.

/s/ Jeremy G. Winter
Jeremy G. Winter, Esq.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA     )
                        )
COUNTY OF SACRAMENTO    )
                        )

Plaintiff, ANDREA RENEE ADAMS, under penalty of perjury declare as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Andrea Renee Adams___                _5/26/2011_____

Andrea Renee Adams                       Date

-9-